**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **THOMAS R. ZAKRZEWSKI,** | ) | **CASE NO. 8:10CV195** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **UNITED STATES, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on March 14, 2010. (Filing No. 1.) Plaintiff has also filed two Motions to Appoint Counsel (Filing Nos. 3 and 8) and two Motions to Remove Judge (Filing Nos. 7 and 9). Plaintiff has been given leave to proceed in forma pauperis. The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

### *I. BACKGROUND AND SUMMARY OF COMPLAINT*

Plaintiff filed his Complaint in this matter on March 14, 2010. (Filing No. 1.) Plaintiff is a patient committed to the TeleCare Recovery Center, a psychiatric hospital located in Bellevue, Nebraska. (Filing No. 1 at CM/ECF pp. 24-25; *see also* Docket Sheet.)

Condensed and summarized, Plaintiff's Complaint raises two claims: (1) that Defendants "have entered into a criminal agreement to operate the State of Nebraska as a criminal enterprise" and (2) that the "State of Nebraska has committed treason against the United States of America." (*Id*. at CM/ECF p. 2.) Plaintiff also alleges that he has been "intentionally misdiagnosed" and that Defendants have entered into a "criminal agreement" to "murder, torture and falsely imprison" him. (*Id*. at CM/ECF pp. 1-49.)

Plaintiff's claims relate to events that occurred during Plaintiff's representation of his brother in an acrimonious divorce and related proceedings. See *Zakrzewski v. Fox, 87*

F.3d 1011 (8th Cir. 1996). During those proceedings, the attorney for his brother's ex-wife filed a complaint with the Nebraska State Bar Association ("NSBA") alleging that Plaintiff violated certain disciplinary rules. See In Re Zakrzewski, 162 F.3d 1166, 1998 WL 452037, at *1 (8th Cir. April 14, 1998). Ultimately, the Nebraska Supreme Court suspended Plaintiff from the practice of law in Nebraska. State ex rel. Nebraska State Bar Ass'n v. Zakrzewski, 560 N.W.2d. 150 (Neb. 1997). Following this suspension the United States District Court for District of Nebraska and the Eighth Circuit Court of Appeals also suspended Plaintiff from practicing law. In Re Zakrzewski, 162 F.3d 1166, 1998 WL 452037, at *1. Plaintiff disagrees with the outcome of these decisions and asserts that the Eighth Circuit and the United States District Court covered up the State of Nebraska's criminal activity. (Filing No. 1 at CM/ECF pp. 3-15, 21.)

As a part of the "cover up," Plaintiff alleges he was "intentionally misdiagnosed" as a "paranoid schizophrenic" and that Defendants are torturing him using a "mind molestation technique" called "stagnogrophy." (Id. at CM/ECF p. 15.) Plaintiff also asserts that Defendants have murdered him because he will live a shortened life. (Id. at CM/ECF p. 2.)

Plaintiff seeks a court order that enjoins Defendants from "continuing . . . criminal agreements." (Id. at CM/ECF p. 27.) Plaintiff also seeks "One Billion Dollars" for damages stemming from claim one and "One Billion Dollars" for damages stemming from claim two. (Id. at CM/ECF p. 28.)

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  See 28 U.S.C. § 1915(e).  The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim.  See *Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985).  However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III.  MOTIONS TO REMOVE JUDGE

Before the court discusses Plaintiff's claims it will address Plaintiff's Motions to Remove Judge.  (Filing Nos. 7 and 9.)  The court liberally construes these Motions as Motions for Recusal or Disqualification.

Under 28 U.S.C. § 455(a), a judge is required to disqualify herself in any proceeding in which her impartiality might reasonably be questioned. In determining whether recusal is required, this court asks "whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case." *United States v. Dehghani*, 550 F.3d 716, 721 (8th Cir. 2008). Further, "[a] party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *Pope v. Fed. Express Corp.*, 974 F.2d 982, 985 (8th Cir. 1992).

First, Plaintiff argues that the undersigned Judge should recuse herself because she is an NSBA member. (Filing No. 7 at CM/ECF p. 1; Filing No. 9 at CM/ECF p. 1.) However, a judge's membership in a bar association does not, by itself, require a judge's recusal from a suit. *See, e.g., Denardo v. Municipality of Anchorage*, 974 F.2d 1200, 1201 (9th Cir.1992) ("The fact that a plaintiff sues a bar association does not require recusal of judges who are members of that bar association."), *cert. denied*, 113 S.Ct. 1351 (1993); *Plechner v. Widener College, Inc.*, 569 F.2d 1250, 1262 (3d Cir. 1977) (concluding that membership in the American Bar Association is not a financial interest that requires the disqualification of a judge where the association is a party); *Foster v. Capshaw*, 72 Fed. App'x 192 (5th Cir. 2003) ("A district judge . . . does not have a substantial interest in the success of a suit simply because of his identification with a defendant bar association.").

Second, Plaintiff argues that the undersigned Judge should be disqualified because she is a member of the United States District Court for the District of Nebraska, a named Defendant in this matter. (Filing No. 7 at CM/ECF p. 1.) Although Plaintiff chose to file his

4

case in the United States District Court for the District of Nebraska, he now seeks to have a "judge from a different district and jurisdiction appointed." (*Id*.; Filing No. 9 at CM/ECF p. 3.) The court concludes that "[t]his is the type of situation in which the long-standing Rule of Necessity applies." *Complaint of Doe*, 2 F.3d 308, 310 (8th Cir. 1993).

The Rule of Necessity provides that if the judges who ordinarily would hear the case are likely to disqualify themselves because of their interest in its outcome, they may hear the case if, otherwise, it would not be heard at all. *United States v. Will*, 449 U.S. 200, 212-13 (1980). As discussed above, in order for Plaintiff's case to move forward the court must review his Complaint in accordance with 28 U.S.C. § 1915(e). To do so, this court must issue an order in this matter. Otherwise, Plaintiff's case would not be heard at all. While it is true that another judge from outside the district could be designated to sit in Nebraska[1], that other judge would, for period of the designation, serve as a United States District Judge for the District of Nebraska. Following Plaintiff's logic–that is, the District of Nebraska is a Defendant and any member is thus disqualified–the designated judge would be disqualified also. Moreover, considering the "burdensomeness of [designating another judge from outside the district], and the patent insubstantiality of the pending" complaint, the undersigned concludes that "the best course of action is to decide this case . . . using the Rule of Necessity." *Complaint of Doe*, 2 F.3d at 310.

Liberally construed, Plaintiff also argues that the undersigned Judge should recuse herself because she swore Defendant Deborah Gilg into office and took a letter Plaintiff

---

[1] The Chief Judge of the Eighth Circuit Court of Appeals would make the designation. When applying the Rule of Necessity, it worth noting that Plaintiff claims that the Eighth Circuit was part of the coverup.

5

wrote out of context. (Filing Nos. 7 and 9.) However, after a careful review, the court concludes that these remaining claims for disqualification consist of conclusory allegations and personal opinions about the undersigned Judge's impartiality. In short, these allegations and opinions fail to establish that a reasonable person, with knowledge of the facts, would reasonably question the undersigned Judge's impartiality.

### IV. DISCUSSION OF CLAIMS

Because the court has concluded that the undersigned Judge should not recuse herself in this matter, the court will now address Plaintiff's claims. As discussed above, the court must construe a *pro se* plaintiff's allegations liberally. *Burke*, 294 F.3d at 1043-44. However, even under the most liberal construction, Plaintiff's allegations fail to state a claim upon which relief may be granted.

To the extent that Plaintiff's claims challenge the outcome of the above-mentioned state court cases, his claims are barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine prohibits lower federal courts from exercising appellate review of state court judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). In fact, federal district courts do not have jurisdiction "over challenges to state-court decisions . . . even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486; *see also Ballinger v. Culotta*, 322 F.3d 546, 548-49 (8th Cir. 2003) (dismissing claims under *Rooker-Feldman* doctrine where the relief requested in the complaint would effectively reverse or undermine the state court decision or void its ruling and noting that "[f]ederal district courts thus may not exercis[e] jurisdiction over general constitutional claims

that are 'inextricably intertwined' with specific claims already adjudicated in state court") (citation and quotation omitted)). Put simply, a federal district court does not possess authority in a civil rights case to review or alter final judgments of a state court judicial proceeding.

To the extent that Plaintiff's claims challenge the outcome of the above-mentioned federal cases, his claims are also barred by principles of res judicata. *See Kalb v. Feuerstein*, 308 U.S. 433, 438 (1940) (concluding that generally a judgment by a court of competent jurisdiction bears a presumption of regularity and is not thereafter subject to collateral attack); *see also Rutherford v. Kessel*, 560 F.3d 874, 877 (8th Cir. 2009) (concluding that res judicata precludes second suit if "its claims arise out of the same nucleus of operative facts as the prior claim").

Finally, to the extent that Plaintiff challenges the validity of his current commitment at the TeleCare Recovery Center, he should do so in a habeas corpus or similar proceeding. Claims relating to the validity of an individual's commitment may not be brought in a civil rights case, regardless of the relief sought. As set forth by the Supreme Court in *Preiser v. Rodriquez*, 411 U.S. 475 (1973), and *Heck v. Humphrey*, 512 U.S. 477 (1994), if success on the merits of a civil rights claim would necessarily implicate the validity of a prisoner's conviction or continued confinement, the civil rights claim must be preceded by a favorable outcome in habeas corpus or similar proceeding in a state or federal forum. *See also Mills v. Anderson*, 271 Fed. Appx. 551, 552 (8th Cir. 2008) (applying *Preiser* to a 1983 claim challenging the validity of a patient's commitment to a state hospital). Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C.

§ 1983 to cast doubt on the legality of his conviction or confinement. *See Heck*, 512 U.S. at 486-87; *see also Smith v. Holtz*, 87 F.3d 108, 113 (3d Cir. 1996) (applying *Heck* to a claim that would implicate the validity of a future conviction on a pending criminal charge).

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motions to Remove Judge (Filing Nos. 7 and 9), construed as Motions for Recusal or Disqualification, are denied;

2. Plaintiff's Complaint is dismissed without prejudice in accordance with this Memorandum and Order;

3. A separate judgment will be entered in accordance with this Memorandum and Order; and

4. All other pending motions are denied as moot.

DATED this 23rd day of June, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.